**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
SECUNDINO BAJANA,                                  :
                                                   :
                              Plaintiff,           :
                                                   :
            -against-                              :         08 Civ. 8579 (RMB) (JCF)
                                                   :
MICHAEL J. ASTRUE                                  :
Commissioner of Social Security,                   :         **<u>DECISION & ORDER</u>**
                                                   :
                              Defendant.           :
-------------------------------------------------------------X

**I.      Background**

On or about September 21, 2008, Secundino Bajana ("Bajana" or "Plaintiff"), proceeding

<u>pro se</u>, filed a complaint ("Complaint") pursuant to § 405(g) of the Social Security Act, 42

U.S.C. § 405(g) ("Social Security Act"), seeking review of a final decision, dated May 31, 2006

("Decision"), of Kenneth G. Levin, administrative law judge ("ALJ") of the Social Security

Administration ("Defendant" or "Commissioner").  (Compl., dated Sept. 21, 2008, at ¶¶ 1, 8.)

The ALJ found that Plaintiff was not disabled until September 1, 2004 and he denied Plaintiff's

application for Supplemental Security Disability Insurance Benefits ("DIB") and for

Supplemental Security Income ("SSI") for the period of time before September 1, 2004 because

Plaintiff "ha[d] the residual functional capacity to perform . . . light work" and because such

work existed "in the national economy."  (Decision at 14–15.)  On July 16, 2008, the Appeals

Council Office of Disability Adjudication and Review ("Appeals Council") denied Plaintiff's

request for review, rendering the ALJ's determination final.  (<u>See</u> Notice of Appeals Council

Action, dated July 16, 2008, at 1.)

On or about March 27, 2009, Defendant moved for judgment on the pleadings pursuant to

Rule 12(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") arguing, among other

things, that "[s]ubstantial evidence in the record supports the Commissioner's decision that [P]laintiff was not disabled until September 1, 2004"; substantial evidence supports the ALJ's conclusion that Plaintiff had the "residual functional capacity . . . for light work"; and the ALJ "properly found Plaintiff was able to perform other work in the national economy." (Mem. in Supp. of Def.'s Mot. for J. on the Pleadings, dated Mar. 27, 2009 ("Def. Mem."), at 1, 17.) Plaintiff did not respond to Defendant's motion.

On or about June 9, 2009, United States Magistrate Judge James C. Francis IV, to whom the matter had been referred, issued a thorough report and recommendation ("Report") recommending that Defendant's motion be granted and judgment be entered in favor of the Defendant because, among other reasons, (1) the "ALJ's conclusion that the [P]laintiff retained the residual functional capacity to perform light work is supported by substantial evidence"; and (2) "the ALJ relied appropriately on the testimony of a vocational expert to conclude that other work for which the plaintiff was qualified could have been found in the national economy." (Report at 20.)

The Report advised that, "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections." (Report at 25–26.) To date, neither party has filed objections.

**For the reasons set forth below, the Report is adopted in its entirety.**

## II.    Standard of Review

A district court evaluating a magistrate's report may adopt those portions of the report to which no "specific, written objection" is made, as long as those sections are not clearly erroneous. See Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985); Greene v. WCI Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y 1997). The Court may accept, reject or modify,

in whole or in part, the findings and recommendations of the magistrate.  See DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); Walker v. Hood, 679 F. Supp. 372, 374 (S.D.N.Y. 1988).

Where, as here, Plaintiff is proceeding pro se, "leniency is generally accorded."  Bey v. Human Resources Admin., No. 97 Civ. 6616, 1999 WL 3112, at *2 (E.D.N.Y. Jan. 12, 1999).

**III.    Analysis**

The facts and procedural history set forth in the Report are incorporated herein by reference.  Having conducted a review of the Report (and applicable legal authorities), the Court finds that the Report is not clearly erroneous and, in fact, is in conformity with the law.  See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

**(1)    Residual Functional Capacity**

Magistrate Judge Francis properly concluded that Plaintiff is not entitled to benefits prior to September 1, 2004 because, among other reasons, "the ALJ's conclusion that the [P]laintiff retained the residual functional capacity to perform light work is supported by substantial evidence."  (Report at 20); see also Cruz v. Astrue, No. 06 Civ. 3670, 2009 WL 1024242, at *14 (S.D.N.Y. Apr. 9, 2009).  Magistrate Judge Francis determined that the ALJ properly relied upon, among other things, the psychiatric treatment reports of Plaintiff's treating physicians; the uncontradicted testimony of a reviewing physician; and the recommendation of a consultative physician to determine that Plaintiff "was only unable to work as of when he began treatment at St. Mark's Place Institute [on September 1,] 2004."  (Report at 21–24); see also Cruz v. Astrue, No. 06 Civ. 3670, 2009 WL 1024242, at *14 (S.D.N.Y. Apr. 9, 2009).

**(2)    Other Work in the National Economy**

Magistrate Judge Francis properly concluded that the ALJ relied appropriately on the

testimony of a vocational expert who "presented a hypothetical based on the [P]laintiff's age,

education, work experience, and residual functional capacity" in determining that "other work

for which the [P]laintiff was qualified could have been found in the national economy." (Report

at 20, 25); see also Aull v. Astrue, No. 05 Civ. 1196, 2008 WL 2705520, at *16 (N.D.N.Y. July

10, 2008) (internal citations omitted).

**IV.    Conclusion & Order**

For the reasons set forth herein and therein, the Court adopts Magistrate Judge Francis'

Report in its entirety and grants Defendant's motion for judgment on the pleadings [#9].  The

Clerk of Court is respectfully requested to enter judgment and close this case.

Dated:  New York, New York
        July 7, 2009

_____
RICHARD M. BERMAN, U.S.D.J.